# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SOLOMON DANIELS, EDDIE CLARKE,

Plaintiffs,

v.

SIEMENS DEMAG DELAVAL
TURBOMACHINERY, INC.,

Defendant.

Civil Action No. 15-3089 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the *in limine* motion by Defendant Siemens Demag Delaval Turbomachinery, Inc. ("Defendant") to exclude Plaintiff Eddie Clarke's ("Clarke") jury from hearing evidence related to Plaintiff Solomon Daniels' ("Daniels") "interactions in the welding department." (ECF No. 55-1.) The Court reviewed the parties' submissions and heard oral argument on February 22, 2018. For the reasons set forth in this Memorandum Order, and for other good cause shown, Defendant's motion is denied.

This is a consolidated matter, originally filed as two actions under docket numbers 15-3089 and 15-2234.[1] In connection with the *in limine* motions, Defendant moved the Court for an order excluding testimony regarding certain interactions between Daniels and co-workers in the welding department from the Clarke jury. (Def.'s Moving Br. 6-9, ECF No. 55-1.) Implicit in the motion, although not explicitly moved upon, is a request for two juries, which the Court previously indicated it might consider. Defendant argues that because the welding department incidents occurred away from Clarke, it would be irrelevant, unduly prejudicial, and confusing for the jury

---

[1] On August 18, 2015, the Court consolidated these matters for discovery. (ECF No. 19.) On June 23, 2017, Plaintiffs moved to consolidate the matters for trial and Defendant opposed. (ECF Nos. 38, 40.) On October 18, 2017, the Court granted the motion and consolidated the actions for all purposes including trial. (ECF No. 49.)

evaluating Clarke's claim to hear the evidence related to Daniels. Defendant argues that because the welding department (where Daniels works) is in a different building than where Clarke works, and involved conflicts with individuals that Clarke admittedly did not directly interact with, this evidence should be excluded from Clarke's case, through the use of two juries. (*Id.* at 2-9.) Plaintiffs respond that the interactions are all relevant to both Plaintiffs' claims as they occurred at the same facility, around the same period in time, involve overlapping supervisory and human resource personnel, and go to the fundamental issues of the hostile work environment claims and Defendant's knowledge of the issues. (Pls.' Opp'n Br. 1-9, ECF No. 57.)

The Court has reviewed the implicit request to seat two juries and considered the arguments set forth on the record on February 22, 2018, and hereby finds that one jury is appropriate to adjudicate the claims. The Court is cognizant that Clarke did not directly witness the interactions in the welding department, and therefore, as to Clarke, the situation is the equivalent of admitting evidence of harassment of people in a protected class who are not the plaintiff. The Supreme Court and the Third Circuit, however, have recognized the potential probative value of such evidence. *See Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 383-84 (2008); *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 111 (3d Cir. 1999); *West v. Phila. Elec. Co.*, 45 F.3d 744, 756-57 (3d Cir. 1995). Importantly, this type of evidence is not subject to any *per se* rule on admissibility. *Mendelsohn*, 552 U.S. at 383. Instead, the Court must evaluate the evidence under Federal Rules of Evidence 401 and 403. *Id.* at 384.

For evidence to be admissible, it must be relevant. Fed. R. Evid. 402. Relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may nevertheless exclude relevant evidence "if its probative value is substantially

2

outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court, therefore, must consider first whether the evidence is relevant and, if so, whether it should nevertheless be excluded on the basis of unfair prejudice. Evidence of acts of harassment as to other individuals can be "extremely probative as to whether the harassment was [] discriminatory and whether the [employer] knew or should have known" about the alleged harassment "despite the formal existence of an anti-harassment policy." *Hurley*, 174 F.3d 95 at 111 (citing *West*, 45 F.3d at 752). Importantly, such evidence may "help the jury interpret otherwise ambiguous acts" and establish motives, attitudes, the character of a work environment, the effectiveness of an anti-harassment policy, the employer's knowledge of the alleged hostile environment, and assist the jury's evaluation of an employer's defenses to liability. *See Hurley*, 174 F.3d at 111-12; *Llerena v. J.B. Hanauer Co.*, 368 N.J. Super. 256, 262-63 (Law. Div. 2002).

Here, Plaintiffs have overlapping hostile work environment claims. Plaintiffs were employed throughout essentially the same time period and both worked at the same plant, albeit in two separate buildings. Plaintiffs were supervised by common upper management and both reportedly complained about racial hostility to the same human resources professional. Plaintiffs were also contemporaneously sharing information about their own experiences, and consequently, even though Clarke did not witness the incidents in the welding department, he had contemporaneous knowledge of the events through his conversations with Daniels. (Pls.' Opp'n Br. 5.) The Court, therefore, finds that the interactions in the welding department, the complaints to management, and the company's response are relevant to each Plaintiff's claims.

The next question, therefore, is whether the evidence is unduly prejudicial. "When conducting a Rule 403 inquiry, the Court must balance the probative value of and the need for the evidence against the harm likely to result from its admission." *Lanni v. New Jersey*, 177 F.R.D.

3

295, 301-02 (D.N.J. 1998) (internal citation omitted). "Evidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (quoting advisory committee note to Fed. R. Evid. 403). Evidence can also be unduly prejudicial if it "arouses [the jury's] sense of horror, provokes [the jury's] instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Carter*, 617 F.2d at 972 (internal citations omitted). Federal Rule of Evidence 403 "'does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case.'" *United States v. Hagins*, 452 F. App'x 141, 148 (3d Cir. 2011) (quoting *Carter*, 617 F.2d at 972).

Defendant argues that the court in *Moorhouse v. Boeing Co.*, 501 F. Supp. 390 (E.D. Pa. 1980), "noted the danger of a trial involving the claims of multiple plaintiffs." (Def.'s Moving Br. 8.) Defendant also argues that a jury "would hear extensive testimony about the welding department conflict and could improperly attribute those factual scenarios to Clarke's case, which would be unfairly prejudicial to Siemens's defense." (*Id.* at 9.) The Court finds *Moorhouse* distinguishable. *Moorhouse* involved six different cases, with different individual defendants in each case, and different time periods involved. If the actions were consolidated, "the trial would have involved six plaintiffs . . . and 16 individually named defendants . . . [and] a jury would have faced a hopeless task. . . ." *Moorhouse*, 501 F. Supp. at 392. The same concerns are not present here. This consolidated action involves two Plaintiffs and one Defendant. The Court is not persuaded that the jury will have difficulty distinguishing the experiences of each Plaintiff. Moreover, the appropriate considerations for liability as to each claim can be addressed through carefully crafted jury instructions.

Defendant also raised the issue of prejudice from the inflammatory nature of some of the welding department issues. Certain allegations do have the potential to invoke significant emotions, for example, the noose Daniels found in the locker room of the welding department. Nevertheless, after weighing the probative importance of this information to the jury's overall ability to understand the claims, and the ability to issue appropriate limiting instructions, the Court does not believe that the potential prejudice warrants exclusion. Defendant will have the opportunity to offer evidence in defense and allow the jury to fully and completely evaluate the information presented by both sides. Defendant's motion, therefore, is denied.

The Court notes, however, that this Order does not rule on the admissibility of specific evidence. The "welding department interactions" referenced in Defendant's brief are vague and lack specificity as to the exact evidence at issue. In opposition, Plaintiffs raise several issues that occurred in the welding department that are not addressed in Defendant's brief. At this time, the Court is not in a position to make a determination as to the admissibility of any individual piece of evidence that pertains to the welding department. The Court, therefore, will address any specific objections at trial.

Accordingly, for the reasons set forth above, and for other good cause shown, **IT IS** on this 1st day of March, 2018, **ORDERED** that Defendant's motion is **DENIED** and one jury will hear the consolidated case.

／s／ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**